IRVING FEIST, SUBSTITUTED TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF FANNY FEIST, DECEASED, PLAINTIFF-RESPONDENT, v. GUARANTEE BUILDING AND LOAN ASSOCIATION, A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued February 5, 1937—Decided April 30, 1937.

For the appellant, *Herman W. Brams* (*Philip Klein,* of counsel).

For the respondent, *Schotland & Schotland.*

The opinion of the court was delivered by

PARKER, J.  The suit is for rent under a written lease. The answer was struck out on motion under the rules, and summary judgment entered.  Defendant appeals.

There was a former action based on the same lease, in which the complaint was struck out.  *Krimke, administrator cum testamento annexo,* v. *Guarantee Building and Loan Association and Flink, Conservator,* 112 *N. J. L.* 316.  The situation at that time was different, and a glance at the history of the litigation will be of service.

The lease dates from 1927, and originally was to run until May 31st, 1930.  It was extended, by written agreement, until May 31st, 1935.  The lessor died testate.  The first suit was begun by her personal representative, after the enact-

ment of chapter 258 of the laws of 1933 (*Pamph. L., p.* 694) which declared the existence of an emergency, provided for the appointment by the commissioner of banking and insurance of a "conservator" of any building and loan association, with substantially the powers of a receiver. In the Krimke case we held the act valid, and said that its effect was to immunize the association from suit looking to judgment and execution so long as the conservator was in charge. As appears above, the conservator was a party to the Krimke suit, and a judgment for defendants as on a demurrer to the complaint was affirmed here.

The act of 1933 was approved June 21st of that year, and contained a time limit of three years from date of approval. The affidavits indicate, and it is not denied, that Flink, the conservator, was relieved from duty as such on December 5th, 1935, and that the commissioner of banking and insurance then took charge. His powers in the premises are further stated in chapter 36 of the laws of 1933 (*Pamph. L., p.* 62) and among them on page 66 we find the power "in the name of the association [to] prosecute and defend any and all suits and other legal proceedings."

As, on the one hand, the effect of a conservatorship in this case was to bar for the time being the prosecution of suits against the embarrassed association, so, on the other, the effect of the discontinuance of the conservatorship and the taking over of control by the commissioner was to awaken dormant rights of action. Indeed, this does not appear to be denied in this case; and the appeal proceeds solely on the two grounds (1) that the conservator under his statutory receivership powers, had elected not to take over the lease; and (2) that there was a lawful surrender, which ended the matter.

Taking up the second point first: it is a sufficient answer to say that surrender was not pleaded as a defense. The answer does say that the association abandoned and vacated the premises, and that the landlord was under a duty to re-rent in mitigation of damages; but there was no such duty. *Muller* v. *Beck,* 94 *N. J. L.* 311; *Heckel* v. *Griese,* 12 *N. J.*

*Mis. R.* 211; *Joyce* v. *Bauman,* 113 *N. J. L.* 438. If surrender were pleaded, the evidence would not support the plea, as it shows merely an *ad interim* agreement reciting that the landlord or his agents may re-rent without prejudice to either party. There is nothing in this point.

Turning to the first point: Assuming, but not deciding, that the conservator while in control was not required to accept the obligations of an existing lease as binding on him, we have the situation, not of an insolvent corporation, whose assets are to be disposed of and business closed out, but of a temporarily embarrassed building and loan association, whose temporary conservator has been discharged and which continues its business under supervision of the commissioner. It remains liable on the lease; it is not insolvent, as relates to creditors, as concededly it shows assets of nearly four million dollars and liabilities other than to shareholders of about ten per cent. of that amount. We think the language of chapter 36, above quoted, clearly implies a liability to suit even when the commissioner (not the conservator) is in charge. Plaintiff says he merely wishes to put his claim in judgment and not to enforce it at this time by execution. We are clear that he is entitled to that measure of relief, and that the court below properly accorded it to him.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 16.

*For reversal*—None.